UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>                                    Plaintiff,<br><br>v.<br><br>BURLINGTON STORES, INC.,<br><br>                                    Defendant. | Case No.:  23-CV-2091-CAB-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 4] |

This matter is before the Court on Defendant's motion to dismiss the complaint for failure to state a claim.  The motion has been fully briefed, and the Court deems it suitable for submission without oral argument.  For the following reasons, the motion is granted, and the complaint is dismissed with leave to amend.

**I.      Background**

According to the complaint, pro se Plaintiff Fernando Gastelum is disabled insofar as he is missing his left leg.  Although he resides in Arizona, Gastelum alleges he visited a total of fourteen of Defendant's stores—twelve throughout California, and two in Arizona—and that he "was denied full and equal access because at each of the Stores, the clear width of accessible routes between rows of merchandise was less than 36"," and because each store failed "to provide appropriately spaced accessible routes between rows

1

of merchandise." Complaint at ¶¶ 15, 19-20. Based on this alleged lack of accessibility, the complaint sees injunctive relief and damages for violation of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act and Disabled Persons Act. Defendant now moves to dismiss the complaint for failure to state a claim.

## II. Legal Standard

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004). Because Gastelum proceeds *pro se*, the court construes his filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, when, as is the case here,[1] a "pro se litigant is experienced in litigation and familiar with the procedural setting presented," "the degree of solicitude may be lessened." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

## III. Discussion

Defendant's arguments for dismissal fall into three categories. First, it argues that the complaint does not adequately allege an ADA violation at Defendant's stores. Second, it argues that Plaintiff does not allege standing to make such claims. Finally, it argues that Plaintiff's claims with respect to the Bakersfield store are barred by the statute of limitations.

---

[1] According to a PACER search, Plaintiff has filed over 200 cases in federal court.

### A. Adequacy of Allegations of ADA Violation

Title III of the ADA prohibits discrimination against disabled persons in any place of public accommodation. 42 U.S.C. § 12182. The concept of discrimination under the ADA includes obviously exclusionary conduct and "more subtle forms of discrimination – such as difficult-to-navigate restrooms and hard-to-open doors that interfere with disabled individuals' 'full and equal enjoyment' of places of public accommodation." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011) (quoting § 12182(a)). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b).

Here, Defendant first argues that the complaint does not satisfy the third element of an ADA violation,[2] arguing that the allegation that routes between rows of merchandise were less than 36" does not state a claim because regulations allow for narrower routes. This argument, however, goes to the merits of Plaintiff's accessibility claim and not the sufficiency of the allegations. The complaint adequately alleges that Plaintiff experienced a denial of public accommodations on account of the routes between rows of clothing at Defendants' stores being too narrow. Defendant's argument that those routes were not too narrow goes to the merits of Plaintiff's claims and is not a grounds for dismissing the complaint.

---

[2] Defendant does not distinguish between the ADA violations and state law claims in its motion, so the Court does not distinguish between them in this order. Ultimately, Plaintiff's Unruh Act claims appear to be premised on the same ADA violations so "the same standards for liability apply under both Acts." *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004).

### B.      Adequacy of Plaintiff's Allegations of Article III Standing[3]

Next, Defendant argues that the complaint does not allege facts sufficient to demonstrate that Plaintiff has Article III standing to obtain injunctive relief. To establish standing, a plaintiff must allege that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Here, Defendant first argues that the complaint does not allege that Plaintiff was using a wheelchair when visiting Defendant's stores and therefore it does not establish that Plaintiff suffered an injury caused by the allegedly narrow access routes between rows of clothing. Although the Court is not persuaded that a disabled plaintiff must be confined to a wheelchair to have standing to bring a claim for the ADA violations alleged in the complaint, the Court agrees that the complaint is too perfunctory in this regard. To adequately assert an injury related to each store, the complaint must allege facts particular to each store demonstrating that Plaintiff either personally experienced the barriers at the store or has actual knowledge of alleged ADA violations (and how Plaintiff acquired such knowledge), how those alleged violations constituted a barrier to Plaintiff's access based on his disability when he visited the store, and/or how those alleged violations are a barrier to access based on Plaintiff's disability such that he is deterred from visiting the store. General allegations that all of the stores had the same access barriers and that Plaintiff is

---

[3] Lack of standing is "an argument typically raised in a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Patton v. Experian Data Corp.*, No. SACV1701559JVSDFMX, 2018 WL 6190349, at *5 n.4 (C.D. Cal. Jan. 23, 2018). Defendant, however, contends that its motion based on lack of standing is properly made under Rule 12(b)(6), citing *Bollard v. California Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999). *Bollard* does not stand for the proposition cited. In *Bollard*, the Ninth Circuit actually distinguished between a dismissal on the merits under Rule 12(b)(6) and lack of subject matter jurisdiction, holding that "[f]ailure to state a claim under federal law is not the same thing as failure to establish federal question jurisdiction under 28 U.S.C. § 1331." *Id.* at 951. A motion to dismiss for lack of Article III standing is a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Thus, the Court considers Defendant's standing arguments as a facial attack on Plaintiff's standing. *See generally Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.").

deterred from visiting the stores will not suffice. The complaint must allege facts specific to each store because an alleged violation at one store is not adequate to state a claim for a violation at any other store. Likewise, that Plaintiff is deterred from visiting one store based on knowledge of alleged violations there is not adequate to assert a claim based on deterrence from visiting a different store.

Along the same lines, the complaint is also insufficient because it does not adequately allege an intent to return to each of the stores in question. "Private plaintiffs are limited to seeking injunctive relief under Title III of the ADA, so a plaintiff suing a place of public accommodation must show a sufficient likelihood of injury in the future to establish standing." *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023). Thus, that Plaintiff allegedly encountered ADA violations at Defendant's stores in the past "is not itself sufficient for standing." *Id.* "[A] plaintiff must establish a sufficient future injury by alleging that they are either currently deterred from visiting the place of public accommodation because of a barrier, or that they were previously deterred and that they intend to return to the place of public accommodation, where they are likely to reencounter the barrier." *Langer*, 57 F.4th at 1094. Here, as with Plaintiff's generalized allegation of access barriers at all stores, the blanket allegation that Plaintiff intends to return to all the stores is insufficient.

### C. Statute of Limitations for Bakersfield Store Claim

Finally, Defendant argues that Plaintiff's claims with respect to the Bakersfield, California, store are time-barred because the statute of limitations is two years,[4] and

---

[4] The motion conclusively states that the statute of limitations for ADA claims is two years, but in support of this proposition cites a Supreme Court case issued five years before the ADA was passed. In reality, "the applicable statute of limitations for an ADA Title III claim has not been definitively established." *Simmons v. Doane*, No. 20-CV-01044-VKD, 2021 WL 411365, at *2 (N.D. Cal. Feb. 5, 2021); *see also Tapia v. Moughamian*, No. 19-CV-06899 SBA, 2020 WL 13610393, at *6 (N.D. Cal. June 1, 2020) ("The Ninth Circuit has not decided the applicable statute of limitations for Title III claims."); *Hartline v. Nat'l Univ.*, No. 2:14-CV-0635 KJM AC, 2015 WL 4716491, at *5 (E.D. Cal. Aug. 7, 2015), *report and recommendation adopted*, No. 214CV0635KJMACPS, 2016 WL 426643 (E.D. Cal. Feb. 4, 2016) (noting that "no Supreme Court or Ninth Circuit decision has determined what limitations period applies in a Title

Plaintiff alleges he visited the store more than two years before the complaint was filed. Plaintiff responds that the statute of limitations does not apply because he is currently deterred from visiting the store. To state an ADA claim, however, a plaintiff must be deterred from visiting a place of public accommodation based "on actual knowledge of an access barrier or ADA violation." *Langer*, 57 F.4th at 1094. Here, the complaint does not allege that Plaintiff has actual knowledge of an access barrier or ADA violation at the Bakersfield store within the past two years. Therefore, his claim is barred by the statute of limitations. If Plaintiff has visited the Bakersfield store more recently or has another basis for actual knowledge of an access barrier or ADA violation within the past two years, he may re-assert this claim in an amended complaint.

**IV.   Conclusion**

For the foregoing reasons, it is hereby **ORDERED** that the motion to dismiss is **GRANTED**, with leave to amend. Based on Plaintiff's response to the motion to dismiss, the Court has little doubt that Plaintiff will be able to adequately state claims for which he has standing with respect to most or all of the fourteen stores identified in the complaint. To do so, however, Plaintiff must make allegations specific to each store concerning his encounter with, or actual knowledge of, barriers to access at that store. Plaintiff can likely accomplish this requirement by incorporating some of the facts and evidence he introduced for the first time in his opposition to the motion to dismiss. Further, because the alleged violations at each store constitute separate and distinct claims, the complaint must assert distinct claims with respect to each store. In other words, if Plaintiff intends to pursue claims for violations of the ADA and the two California statutes at each of the fourteen stores, the complaint must assert fourteen separate ADA claims (one for each store under

---

III case".). However, because Plaintiff does not argue for a different statute of limitations, and because the Court agrees with another district court that ADA Title III "claims are subject to a two-year statute of limitations by analogy to the Unruh Act and/or to the California personal injury statute," *Hartline,* 2015 WL 4716491, at *5, the Court will apply a two-year statute of limitations here. *But see Simmons*, 2021 WL 411365, at *2 ("Assuming without deciding that a three-year limitations period applies to [the plaintiff's] ADA claim . . . .").

a separate heading), fourteen separate Unruh Act claims (one for each store under a separate heading), and fourteen separate Disabled Persons Act claims (one for each store under a separate heading). Each claim must allege facts specific to each store to state a claim for violation of the ADA and the California statutes and also establish that Plaintiff has standing to assert that claim with respect to that store. Plaintiff shall have until **February 23, 2024**, to file his amended complaint.

It is **SO ORDERED**.

Dated: February 1, 2024

Hon. Cathy Ann Bencivengo
United States District Judge